dc

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON, | CASE NO. 1:07-cv-00178-OWW-WMW PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| W. SULLIVAN, et al., | |
| Defendants. | (Doc. 1) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff Derwin Jules Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Plaintiff's Complaint

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is currently incarcerated at Salinas Valley Prison in Soledad, California. Plaintiff is suing defendants under 42 U.S.C. § 1983 for violating his rights under the First, Eighth and Fourteenth Amendments of the U.S. Constitution as well as his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff seeks damages and equitable relief.

Around September 29, 2004, Plaintiff was transferred from Ironwood State Prison to the California Correctional Institution in Tehachapi, California ("Tehachapi"). At the time, Plaintiff had a 90 day deadline from an order filed on August 24, 2004 to file a writ of certiorari with the United States Supreme Court. When Plaintiff arrived at Tehachapi, he requested his legal materials so that he could continue to prepare for his deadline. Plaintiff was told he would not receive his legal materials until he appeared before the Classification Committee. Plaintiff filed a 602 administrative appeal requesting his legal materials so he could meet his 90 day deadline. The appeal was partially granted and Plaintiff was issued his legal materials. However, Plaintiff was not allowed to enter the law library to work on his case. Plaintiff was told by Defendants Doe #1 and Doe #2 that he had to cut the braids from his hair before he will be allowed in the law library per prison regulations. Plaintiff refused to cut his hair and explained that he was a Rastafarian and he could not cut his hair due to his religion. Plaintiff was also denied time in the exercise yard and other activities because he refused to cut his hair. Plaintiff alleges that the regulations requiring Plaintiff to cut his hair do

not serve a legitimate penological goal because he at all times he consented to having prison officials comb through his hair to look for contraband. Plaintiff was denied law library access again because of his hair by Defendants B. Phillips and M.S. Evans at a later date.

Plaintiff's deadline to file his writ of certiorari lapsed despite receiving a deadline extension because Plaintiff was unable to prepare his legal filings. His second request for a deadline extension was denied because at some point Plaintiff's property was confiscated by prison officials and Plaintiff was unable to include the lower court's opinion with his application for a deadline extension as required by court rules.

Plaintiff filed a 602 administrative appeal because he was denied outdoor exercise and visitation time because he would not cut his hair due to his religious beliefs. The appeal was denied by Defendants T.W. Meadows and J.L. Cobbs. Plaintiff also alleges that his fiancee wrote a letter to Defendant Sullivan informing him of the situation but Defendant Sullivan refused to correct the deprivations.

Plaintiff alleges that defendants retaliated against him because he filed administrative appeals and his expression of his religion. Plaintiff alleges that Defendants T. Traynham and M. Stainer deprived Plaintiff of his legal materials and Defendant T. Traynham transferred Plaintiff away from his family to Salinas Valley State Prison for retaliatory purposes.

**B.     First Amendment Claim**

      **i.     Religion**

Plaintiff contends that the prison regulations requiring his hair to be cut constitutes a burden on the exercise of his religion in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The First Amendment of the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion". O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz v. Beto, 405 U.S. 319 (1972)). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many

privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). Plaintiff must show that his practice is both "'sincerely held'" and "'rooted in religious belief.'" Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

Plaintiff alleges that he is a practicing Rastafarian and one of the tenets of his religion is to wear his hair in an uncut, uncombed style. Plaintiff contends that the regulation requiring him to cut his hair has no justification reasonably related to legitimate penological interest because prison officials had the opportunity to physically search his hair to alleviate security concerns. However, Plaintiff's argument essentially admits that the regulation is reasonably related to legitimate penological goals but is not the least restrictive means to meet that goal. The First Amendment does not require the regulation to be the least restrictive means to achieve the prison's goal. Therefore, Plaintiff does not state a cognizable claim under the First Amendment. However, Plaintiff does state a cognizable claim under the RLUIPA, which has less stringent standards. The RLUIPA requires that the governmental burden on his religion is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling government interest". 42 U.S.C. § 2000cc-1. Therefore, Plaintiff alleges a cognizable claim under the RLUIPA against Defendants B. Phillips, M.S. Evans and Does #1-11 for denying Plaintiff access to the law library and other activities because Plaintiff refused to comply with the haircut regulations. Plaintiff also alleges a cognizable claim under the RLUIPA against Defendants Sullivan, T.W. Meadows, and J.L. Cobbs for being specifically informed of the violations by the Plaintiff and failing to prevent them from happening.

   **ii.**  **Retaliation**

Plaintiff contends that defendants retaliated against him because he exercised his constitutional right to file prison grievances. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo

v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendants T. Traynham and M. Stainer retaliated against Plaintiff because he filed 602 administrative appeals by confiscating his legal materials. Plaintiff also alleges that Defendant T. Traynham retaliated against Plaintiff by transferring him to a prison further away from his family. Plaintiff states that the retaliatory conduct chilled the exercise of his First Amendment right to file prison grievances and the conduct did not reasonably advance legitimate correctional goals. Therefore, Plaintiff states cognizable claims for retaliation against Defendants T. Traynham and M. Stainer.

### C. Eighth Amendment Claim

Plaintiff contends that he was deprived of outdoor exercise because he refused to cut his hair and the deprivation of outdoor exercise was a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

///

The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).

Plaintiff contends that the deprivation of outdoor exercise satisfies the objective requirement for an Eighth Amendment violation. "'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087. Plaintiff's allegation that he did not receive outdoor exercise satisfies the objective requirement for stating a claim under the Eighth Amendment.

Plaintiff alleges that the deprivation of outdoor exercise was done with deliberate indifference, satisfying the subjective requirement for an Eighth Amendment violation. In order to plead deliberate indifference, a prisoner must allege that prison officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An allegation that prison officials were aware that a prisoner had been denied outdoor exercise for an extended period of time is sufficient to allege that the prison officials acted with deliberate indifference to the prisoner's basic human needs. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 810 (10th Cir. 1999) (where complaint alleged that officials had knowledge plaintiff was being denied outdoor exercise, "factfinder could infer both that prison officials knew of a substantial risk of harm to plaintiff's well being...and that they disregarded that harm"); see also Allen, 48 F.3d at 1088 (summary judgment on deliberate indifference issue inappropriate where prisoner produced evidence that prison officials were aware that prisoner was denied outdoor exercise); Lopez, 203 F.3d at 1133 (genuine issue of fact as to whether defendants were deliberately indifferent where prisoner alleged that defendants ignored complaints about lack of outdoor exercise). Where a prisoner alleges that he was denied outdoor exercise pursuant to an official policy, "a rational fact-finder after hearing the evidence might determine that the defendants

acted with at least deliberate indifference to [the prisoner's] basic human needs . . . by placing inconsequential logistical concerns that might be no more than matters of convenience above [the prisoner's] need for exercise." Allen, 48 F.3d at 1088. Therefore, Plaintiff's allegation that he did not receive outdoor exercise pursuant to an official policy that had little justification is sufficient to satisfy the subjective requirement for stating a claim under the Eighth Amendment. Plaintiff alleges a cognizable claim under the Eighth Amendment against Defendants B. Phillips, M.S. Evans and Does #1-11 for denying Plaintiff outdoor exercise when he refused to comply with the haircut regulations. Plaintiff also alleges a cognizable claim under the RLUIPA against Defendants Sullivan, T.W. Meadows, and J.L. Cobbs for being specifically informed of the violations by Plaintiff and failing to prevent them from happening.

**D.    Fourteenth Amendment Claim**

Plaintiff contends that defendants violated his due process rights under the Fourteenth Amendment. "[W]here a particular amendment provides and explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). Plaintiff's claims are explicitly protected by the First and Eighth Amendments. Therefore, his claims will proceed as First and Eighth Amendment violations, not as due process violations under the Fourteenth Amendment.

**III.   Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Sullivan, T.W. Meadows, J.L. Cobbs, B. Phillips, M.S. Evans and Does #1-11 for violating the Eighth Amendment and the RLUIPA and states a cognizable claim against Defendants T. Traynham and M. Stainer for retaliating against Plaintiff's exercise of his First Amendment rights. Plaintiff's complaint fails to state any other claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

7

1  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2      If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding
3  only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in
4  writing, and the Court will issue a recommendation for dismissal of the other claims and
5  defendants, and will forward Plaintiff seven (7) summonses and seven (7) USM-285 forms for
6  completion and return.  Upon receipt of the forms, the Court will direct the United States
7  Marshal to initiate service of process.

8      If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a),
9  but must state what each named defendant did that led to the deprivation of Plaintiff's
10 constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).
11 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
12 above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)
13 (citations omitted).

14     Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.
15 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
16 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the
17 prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action
18 alleged in an original complaint which are not alleged in an amended complaint are waived."
19 King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981));
20 accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in
21 the original complaint must be completely stated again in the amended complaint.

22     Based on the foregoing, it is HEREBY ORDERED that:
23     1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
24     2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must
25         either:
26         a.    File an amended complaint curing the deficiencies identified by the Court
27             in this order, or
28         b.    Notify the Court in writing that he does not wish to file an amended

complaint and wishes to proceed only against Defendants Sullivan, T.W. Meadows, J.L. Cobbs, B. Phillips, M.S. Evans and Does #1-11 for violating the Eighth Amendment and the RLUIPA and against Defendants T. Traynham and M. Stainer for retaliating against Plaintiff's exercise of his First Amendment rights; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order. IT IS SO ORDERED.

Dated:     January 29, 2009                    /s/  **William M. Wunderlich**
                                               UNITED STATES MAGISTRATE JUDGE