# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON,<br><br>             Plaintiff,<br><br>    v.<br><br>W. SULLIVAN, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-00178-OWW-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 40) |

Plaintiff Derwin Jules Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2010, Plaintiff filed a motion to compel. (Doc. #40.) Defendants filed an opposition to Plaintiff's motion on May 11, 2010. (Doc. #43.)

Plaintiff's two-page motion to compel asserts that Defendants failed to fully answer Plaintiff's interrogatories. However, Plaintiff fails to specifically identify how Defendants' responses were deficient. Plaintiff also requests that Defendants produce the documents he requested in his interrogatories. However, Plaintiff does not specifically identify any document production request or explain how Defendants' response to any particular requests was inadequate or unjustified. Plaintiff does not provide any arguments in support of his motion to compel.

The Court will deny Plaintiff's motion to compel. Plaintiff is advised that he may not file a motion to compel that generally states that all of Defendants' responses were inadequate without explaining how and why the responses were inadequate. Plaintiff must address each request individually by reproducing the original request made by Plaintiff and reproducing the response or

objections raised by Defendants to that request. For each request and response being challenged, Plaintiff must present persuasive arguments that demonstrate why and how each objection is not justified.

Further, the Court notes that Defendants did not produce any documents because Plaintiff did not submit proper document production requests. Instead, Plaintiff vaguely appended the phrase "production of documents requested" to the end of some of his interrogatories. For example, one of Plaintiff's interrogatories asked Defendants to:

> [i]dentify and describe name(s), titles, and duties of all persons, employees, officers, directors, agents, or representatives or other defendants who has the responsibility for scheduling of visits behind glass while Plaintiff was serving his SHU term from September through December, 2004. Production of documents requested.

(Mot. for an Order Compelling Discovery Ex. B, at 5:27-6:3, ECF No. 40.) Defendants responded to Plaintiff's requests as if they were interrogatories--likely due to the fact that Plaintiff's requests were woefully inadequate when interpreted as document production requests.

When requesting the production of documents, Plaintiff "must describe with reasonable particularity each item or category of items to be inspected." Federal Rule of Civil Procedure 34(b)(1)(A). Plaintiff has failed to identify the documents with reasonable particularity. Merely adding the phrase "production of documents requested" at the end of an interrogatory provides little to no guidance to Defendants as to what documents are being sought by Plaintiff.

In sum, Plaintiff's motion to compel fails to set forth any argument to explain how Defendants' responses to Plaintiff's interrogatories were inadequate. Further, the Court finds that Plaintiff has failed to demonstrate that Defendants' responses to Plaintiff's document production requests were inadequate. Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

**Dated:   June 26, 2010**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE