UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>W. SULLIVAN, et al.,<br><br>　　　　Defendants. | 1:07-cv-00178-DAD-GSA-PC<br><br>**ORDER ADDRESSING ATTORNEY APPEARANCE**<br>**(ECF No. 88.)**<br><br>**ORDER FOR CLERK TO REFLECT PLAINTIFF'S PRO SE STATUS ON COURT RECORD**<br><br>**ORDER GRANTING PLAINTIFF TWENTY (20) DAYS IN WHICH TO FILE STATUS REPORT** |

**I.　BACKGROUND**

This is a civil rights action filed by Derwin Jules Jackson ("Plaintiff"), a state prisoner proceeding *pro se*. The initial Complaint was filed by Plaintiff on February 1, 2007. (ECF No. 1.) On March 30, 2011, the court granted summary judgment to defendants and closed this case. (ECF No. 70.) On April 15, 2011, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals, which was forwarded to the Ninth Circuit and opened as appeal #11-15932. (ECF Nos. 72-74.)

On April 12, 2017, the Ninth Circuit issued an order reversing the court's summary judgment order in part and remanding the case to the district court. (ECF No. 81.) On June 8, 2017, the Ninth Circuit amended its order, affirming in part and reversing the court's order in part and remanding the case to the district court to proceed against defendants Meadors and

1

Cobbs on Plaintiff's Eighth Amendment claim for denial of access to the prison yard. (ECF No. 85.) On June 16, 2017, the Ninth Circuit's mandate was entered. (ECF No. 87.)

On June 13, 2017, the court issued an order requiring Plaintiff to file a status report within fourteen days, informing the court whether he intends to continue to litigate this case. (ECF No. 86.) On June 27, 2017, attorney Andrew Rubenstein, Esq. ("Rubenstein"), filed a status report on Plaintiff's behalf and requested an extension of time for Plaintiff to file an updated status report. (ECF No. 88.) Rubenstein substituted his own contact information in place of Plaintiff's address on the court's docket. (Court Docket.)

## II. SUBSTITUTION OF ATTORNEYS

Rubenstein indicates that he represented Plaintiff as *pro bono* counsel in Plaintiff's appeal to the Ninth Circuit. (Decl. of Rubenstein, ¶2.) Rubenstein asserts that he recently spoke to Plaintiff by telephone, and Plaintiff authorized him to inform the court that Plaintiff intends to litigate this case. (Id. ¶4.) Rubenstein states that if his firm is able to continue to serve Plaintiff as *pro bono* counsel, he will need to undertake steps necessary to finalize the engagement, including applying for admission to this court. (Id. ¶6.)

Plaintiff is presently proceeding *in propria persona*.[1] In the event that Plaintiff seeks to substitute an attorney in place of himself as attorney of record, Plaintiff must submit a substitution of attorneys document to the court, setting forth the full name and address of the new attorney, signed by Plaintiff (as the withdrawing attorney and client) and the new attorney. Local Rule 182(g). "All substitutions of attorneys shall require the approval of the Court, and the words **'IT IS SO ORDERED'** with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys." Id.

Until a substitution of attorneys is granted by the court, Plaintiff retains his *in propria persona* status and continues representing himself. Therefore, Plaintiff's address of record at the court shall reflect Plaintiff's address. There is no Federal Rule of Civil Procedure or Local

---

[1] A litigant proceeding *in propria persona*, or *pro se*, is one who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary, 1256, 1258 (8th ed. 2004).

Rule allowing service of court and other legal documentation at an address other than a *pro se* litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require *pro se* litigants to inform the court of their addresses and to keep the court informed of any change in their addresses.

The court finds good cause to grant Plaintiff a twenty-day extension of time in which to file his status report.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This order addresses the appearance of attorney Andrew Rubenstein in this case;
2. The Clerk of Court is DIRECTED to:

    (1)  Reflect Plaintiff's status as a *pro se* litigant on the court's docket;

    (2)  Reflect Plaintiff's address of record as:

   > Derwin Jules Jackson
   > K-85360
   > California Men's Colony - East
   > P.O. Box 1803
   > San Luis Obispo, California  93401-1803

    and

    (3)  Serve a copy of this order on:

   > Andrew Rubenstein,, Esq.
   > Munger, Tolles & Olson L.L.P.
   > 560 Mission Street, 27th Floor
   > San Francisco, CA  94104

3. Plaintiff is GRANTED **twenty (20) days** from the date of service of this order in which to file his status report, pursuant to the court's order of June 13, 2017.

IT IS SO ORDERED.

Dated:  **June 28, 2017**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE