UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERWIN JULES JACKSON,

          Plaintiff,

    v.

T.W. MEADORS and J.L. COBBS,

          Defendants.

No.  1:07-cv-00178-DAD-GSA-PC

<u>TENTATIVE PRETRIAL ORDER</u>

On January 22, 2018, the court conducted a final pretrial conference in this civil rights action.  Attorneys Andrew C. Rubenstein and Martin D. Bern of Munger, Tolles & Olson LLP appeared as counsel for plaintiff.  Arthur B. Marks, California Deputy Attorney General, appeared as counsel for defendants.

Having considered the documents submitted and heard from counsel at the final pretrial conference, the court now issues this tentative pretrial order.

Plaintiff Derwin Jules Jackson, a state prisoner proceeding with counsel, brings this civil rights action under 42 U.S.C. § 1983 against defendants T. W. Meadors, associate warden of the California Correctional Institution ("CCI") in Tehachapi, California, and J. L. Cobbs, chief deputy warden of CCI, for denying him outdoor exercise in violation of his rights under the Eighth Amendment.

/////

1

I.      JURISDICTION/VENUE

        Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction is not contested.

        Venue is proper pursuant to 28 U.S.C. § 1391.  Venue is not contested.

II.     JURY

        Both parties have demanded a jury trial.  The jury will consist of six to eight jurors.

III.    UNDISPUTED FACTS

        The pretrial statements submitted by the parties in this case contain little overlap,

suggesting the parties agree on relatively few facts.[1]  Nonetheless, it appears that the  parties do

not dispute the following facts:

        1.      Plaintiff is a California state prisoner currently incarcerated at the California

                Men's Colony in San Luis Obispo, California.

        2.      On September 29, 2004, plaintiff was transferred from Ironwood State Prison to

                CCI.  Plaintiff had been serving a term in the Security Housing Unit ("SHU") at

                Ironwood, and finished this term at CCI.

        3.      Defendant completed his SHU term at CCI on December 13, 2004.

        4.      Defendant was not permitted to leave his cell to exercise during the period of his

                SHU term at CCI.

IV.     DISPUTED FACTUAL ISSUES

        The pretrial statements of the parties indicate the following facts are disputed.[2]

        1.      Whether plaintiff practices Rastafarianism.

---

[1]  It appears to the court that many of the facts which are currently listed by the parties as disputed are, in reality, undisputed.  After reviewing the court's presentation of disputed and undisputed facts in this tentative pretrial order, the parties are invited to file a joint revised list of disputed and undisputed facts, and may do so within the objection period provided below.

[2]  Plaintiff asserts that, when this matter was previously appealed to the Ninth Circuit, the Ninth Circuit resolved key issues with respect to liability in his favor, and that these holdings are the law of the case and remove various facts from dispute.  (Doc. No. 107 at 5–6.)  Plaintiff will be directed in the "Points of Law" section below to fully brief this issue in his trial brief.

2.   Whether the Rastafarian faith requires that an individual's hair must be allowed to grow without cutting or combing, ultimately forming natural mats known individually as "dreadlocks."

3.   Whether, at all relevant times, plaintiff wore his hair in dreadlocks, and his hair was shorter than three inches long.

4.   Whether, upon plaintiff's arrival at CCI, he requested access to his legal materials and to the CCI law library to prepare a pending court filing.

5.   Whether plaintiff was denied access to the library, access to legal materials, and visitation rights.

6.   Whether, in the administrative appeal decisions affirming these denials, the reviewers, including defendants Meadors and Cobbs, found that plaintiff was out of complaint with Operational Procedure 111 ("OP 111"), which required that "any pony tails or braids . . . be separated" before an inmate could leave his cell.

7.   Whether OP 111 pertains to dreadlocks as well as "pony tails or braids."

8.   Whether, on December 8, 2004, plaintiff filed an administrative appeal, No. 04-2655, requesting access to the yard.

9.   Whether, on November 14, 2004, the first-level reviewers, Lieutenant T. Traynham and Captain M. Stainer, denied plaintiff's inmate appeal.

10.  Whether, on December 9, 2004, defendants Meadors and Cobbs denied plaintiff's inmate appeal as the second level of review.

11.  Whether defendants cited OP 111 as the basis for their denial of the inmate appeal.

12.  Whether defendants acted reasonably in denying plaintiff's inmate appeal at the second level of review based on OP 111.

13.  Whether defendants' response to the appeal means that defendants conducted interviews or considered and rejected any alternative arrangements to afford plaintiff outdoor exercise.

14.  Whether defendants obtained any written approvals from the Warden or Regional Parole Administrator relating to plaintiff's confinement without exercise.

3

15. Whether plaintiff ever received any disciplinary infractions for noncompliance with any grooming regulation, including OP 111.

16. Whether, on April 7, 2005, the CDCR Director's Level Reviewer granted in part two of plaintiff's inmate appeals, including plaintiff's appeal challenging the denial of outdoor exercise.

17. Whether the Director's Level Reviewer found that plaintiff's "hair complied with department grooming standards; however staff failed to physically search or wand it with a hand-held metal detector as cited in OP #111."

18. Whether the Director's Level Reviewer found that "it is unclear how staff established a potential breach of security."

19. Whether the Director's Level Reviewer contacted Lt. Traynham, who informed the reviewer that "the denial of the related visit and exercise period were not the result of a disciplinary action."

20. Lt. Traynham also informed the reviewer "that [plaintiff] was in compliance with the departmental grooming standards" and "that [plaintiff] agreed to allow staff to physically touch and/or search his hair, but for unknown reasons this was not done."

21. Whether plaintiff has been diagnosed with various medical conditions, including high cholesterol, aortic stenosis, and heart palpitations.

22. Whether plaintiff also suffers from back pain, migraine headaches, and mental health issues, including stress and depressive episodes.

23. Whether plaintiff faced a substantial risk of harm that is attributable to any conduct of defendants;

24. Whether defendants were deliberately indifferent to that risk.

25. Whether plaintiff's injuries were caused by the deprivation of outdoor exercise during plaintiff's SHU term at CCI.

26. The extent of plaintiff's injuries that were caused by the deprivation of outdoor exercise during plaintiff's SHU term at CCI.

27. Whether, since 2004, plaintiff has received various accommodations for these conditions by the CDCR.

28. Whether plaintiff is currently classified as High-Risk Medical and as Light Duty.

29. Whether plaintiff was sentenced to a nine-month SHU terms as a result of being found guilty of a rules violation in May 2004.

30. Whether defendant Cobbs served as Chief Deputy Warden at CCI in 2004.

31. Whether defendant Meadors served as a facility captain at CCI in 2004.

## V.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* counsel elects to file shall be filed no later than **February 13, 2018**. Opposition shall be filed no later than **February 20, 2018** and any replies shall be filed no later than **February 23, 2018**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial.

### Plaintiff's Anticipated Motions *in Limine*

1. Admissibility of evidence of the underlying criminal conviction for which plaintiff is serving his prison sentence, as well as any prior arrests or convictions;

2. Admissibility of evidence of the reason for which plaintiff was serving his SHU term at CCI;

3. Admissibility of evidence of any prior or subsequent infractions or disciplinary actions against plaintiff during his incarceration, and

4. Admissibility of evidence of the security conditions during the relevant period at CCI Tehachapi.

### Defendants' Anticipated Motions *in Limine*

1. Admissibility of evidence pertaining to any of plaintiff's dismissed claims and dismissed defendants;

2. Admissibility of the third level appeal decision pertaining to plaintiff's inmate appeal regarding exercise;

3. Admissibility of declarations of former defendants identified in plaintiff's pretrial statement;

4. Admissibility of certain documents identified by plaintiff as potential exhibits;

5. Admissibility of any evidence of alleged "emotional" or psychological injuries;

6. Admissibility of expert testimony attempting to link plaintiff's current medical or physical conditions to defendants' conduct in 2004.

## VI. SPECIAL FACTUAL INFORMATION

### A. Plaintiff

Pursuant to Local Rule 281(b)(6), plaintiff asserts that the following special factual information pertains to this action:

This is a constitutional tort action for personal injury.

(1) Plaintiff has described above the "date, place, and general nature of the incident" and "the particular acts, omissions, or conditions constituting the basis for liability." Defendants' conduct violated the Eighth Amendment of the United States Constitution, made actionable through 42 U.S.C. § 1983.

(2) Plaintiff was born in August 1969 and is currently 48 years old. Defendants' conduct caused and/or exacerbated the injuries described above: plaintiff's heart condition, back pain, migraine headaches, and mental health issues. Plaintiff has not been hospitalized for these issues, but he has needed to attend numerous specialists for diagnosis and treatment. As a prisoner, plaintiff does not pay for these medical expenses and does not receive earnings in the same manner as an individual who is not incarcerated. To the extent it is relevant, however, plaintiff anticipates needing heart surgery based on a recent cardiology appointment, continuing to take Statin, requesting an MRI for his back condition, and requiring continued medical attention. Plaintiff is also classified as High-Risk Medical and as Light Duty and therefore is ineligible for jobs in prison that pay higher hourly

wages.

B.    Defendants

Pursuant to Local Rule 281(b)(6), defendants assert that the following special factual information pertains to this action:

(1)    Defendants contend no statutes, regulations or ordinances were violated in this case.

(2)    The doctrines of strict liability and *res ipsa loquitur* do not apply.

(3)    Assuming plaintiff can prove he was injured by any actions of the defendants, defendants contend that any injuries he sustained were minor or *de minimis*, that he sustained no permanent or on-going injuries, and that he is not entitled to punitive damages.

VII.    RELIEF SOUGHT

1.    Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. Plaintiff seeks compensatory damages for the medical effects that he suffered and continues to suffer as a result his confinement without exercise, including non-economic compensatory damages for his pain and suffering. Plaintiff will also seek an alternative jury instruction that, if the jury determines that plaintiff's injury is "likely to have occurred but difficult to establish," the jury may award "presumed" damages based on a per-diem calculation. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310-11 (1986). Plaintiff will also seek punitive damages based on defendants' "reckless or callous indifference" to his rights under the Eighth Amendment. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

2.    Defendants seek judgment in their favor and an award of costs.

VIII.    POINTS OF LAW

The claims and defenses arise under federal law. Plaintiff's claim is brought against the defendants, T.W. Meadors and J.L. Cobbs.

1.    The elements of, standards for, and burden of proof applicable to an Eighth Amendment conditions of confinement claims brought under 42 U.S.C. § 1983

7

1   alleging that defendants denied at the second level of review plaintiff's inmate

2   grievance concerning lack of access to the exercise yard.

3   2.   The elements of, standards for, and burden of proof for determining what damages,

4        including mental or emotional, compensatory, and punitive damages, are

5        appropriate, if plaintiff prevails.

6   3.   The elements of, standards for, and burden of proof in raising a qualified immunity

7        defense at trial, including the procedure by which such a defense would be

8        submitted to the court for decision.

9   4.   The impact and effect, if any, of the Ninth Circuit's prior opinion with respect to

10       the trial of this matter, particularly:

11       a.   Whether plaintiff must prove the objective component of his Eighth

12            Amendment complaint at trial.

13       b.   Whether plaintiff must prove that defendants were aware of a substantial

14            risk to plaintiff's health.

15       c.   Whether plaintiff must prove that defendants had no reasonable

16            justification for depriving plaintiff of outdoor exercise time.

17       d.   Whether the Ninth Circuit's holding precludes defendants from attempting

18            to argue that certain justifications are reasonable.

19   Trial briefs addressing the points of law implicated by these remaining claims shall be

20   filed with this court no later than **February 27, 2018** in accordance with Local Rule 285.

21   ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

22   ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

23   BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

24   IX.   <u>ABANDONED ISSUES</u>

25        A.   <u>Plaintiff</u>

26        None.

27        B.   <u>Defendants</u>

28        None.

X.     **WITNESSES**

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendants' witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

   A.     **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

          (1)     The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

          (2)     The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

   B.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

          (1)     The witness could not reasonably have been discovered prior to the discovery cutoff;

          (2)     The court and opposing parties were promptly notified upon discovery of the witness;

          (3)     If time permitted, the party proffered the witness for deposition; and

          (4)     If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.     **EXHIBITS, SCHEDULES, AND SUMMARIES**

Plaintiff's exhibits are listed in **Attachment C**.  Defendants' exhibits are listed in **Attachment D**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits.  All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically.  All exhibits must be pre-

9

marked.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **February 6, 2018**.  Any objections to exhibits are due no later than **February 20, 2018**. The final exhibits are due on **March 1, 2018**.  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence if offered and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A.      The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

      (1)      The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

      (2)      The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.      Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

      (1)      The exhibits could not reasonably have been discovered earlier;

      (2)      The court and the opposing parties were promptly informed of their existence;

      (3)      The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

/////

Any party wishing to use a videotape, CD, or DVD for any purpose during trial shall lodge a copy of the video or audio evidence with Courtroom Deputy Renee Gaumnitz by 4:00 p.m. on **February 27, 2018**.  If a written transcript of audible words on the tape or DVD is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

If any party intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the court, **that party shall** contact Renee Gaumnitz courtroom deputy, at (559) 499-5652, at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

XII.    DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **February 20, 2018**.

Plaintiff may use the following discovery documents at trial:

1.    Declaration of M. Stainer in Support of defendants' Motion For Summary Judgement (cited in the Replacement Excerpts of Record ("RER"), Ninth Circuit Court of Appeals, No. 11-15932) (RER 126);

2.    Declaration of W. Sullivan in Support of defendants' Motion For Summary Judgement (RER 132);

3.    Declaration of B. Phillips in Support of defendants' Motion For Summary Judgement (RER 134);

4.    Declaration of T. Traynham in Support of defendants' Motion For Summary Judgement (RER 145);

5.    Plaintiff's First Set of Interrogatories to defendants and Request for Production of Documents (RER 234); and

6.    Defendant T. Traynham's Response to plaintiff's First Set of Interrogatories and Request for Production of Documents (RER 245).

/////

/////

Defendants may use the following discovery document at trial:

1. The transcript from plaintiff's deposition taken on May 17, 2010, for impeachment purposes.

XIII. FURTHER DISCOVERY OR MOTIONS

In addition to possible motions in limine noted above, if appropriate defendants will also move for dismissal under Rule 50 of the Federal Rules of Civil Procedure at the close of plaintiff's case and at the close of the evidence.

In addition to possible motions in limine noted above, plaintiff has requested and is currently awaiting receipt of his medical records and central file and indicated his intention to seek additional discovery if necessary. However, the court notes that all discovery in this action closed on May 17, 2010. (*See* Doc. No. 29 at 2.)

XIV. STIPULATIONS

None.

XV. AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

In addition to pre-suit settlement negotiations, the parties attended a court-ordered settlement conference with the court before Magistrate Judge Barbara A. McAuliffe on November 16, 2017, but the case did not settle. (Doc. No. 101.) A second settlement conference is scheduled for February 8, 2018, at 1:00 p.m. before Magistrate Judge Erica P. Grosjean. (Doc. No. 116.)

XVII. JOINT STATEMENT OF THE CASE

While the parties have not yet agreed on a joint statement of the case, the court encourages the parties to agree on a joint neutral statement of the case to be read to prospective jurors at the outset of jury selection.

XVIII. SEPARATE TRIAL OF ISSUES

Defendants request that the trial be bifurcated, with the issue of punitive damages being tried separately, if necessary, following resolution of the liability phase. The court is inclined to

heed that request with respect to any amount of punitive damages to be awarded. However, the court is inclined to submit a special verdict form to the jury at the conclusion of the first phase of the trial in which the jury, if it returned a verdict in favor of plaintiff, would be asked to make the required preliminary findings regarding the applicability of punitive damages.

Plaintiff believes that separate trial of issues is neither feasible nor advisable.

## XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Neither party seeks appointment of impartial experts or any limitations on the number of experts.

## XX.    ATTORNEYS' FEES

Plaintiff intends to seek attorneys' fees and expenses if he prevails. 42 U.S.C. § 1988; *see also Vasquez v. Rackauckas*, 734 F.3d 1025, 1055 (9th Cir. 2013). Plaintiff proposes that such fees and expenses be ascertained after trial based upon motion.

If they prevail at trial, defendants will request an award of costs, but not attorney's fees. Defendants maintain that any award of attorney's fees is subject to the limits provided by 42 U.S.C. § 1997e.

## XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

In the event the court allows admission OP 111, defendants may seek to limit admission to the relevant portions of OP 111 (which is restricted), limiting its use to this case only, preventing its distribution to the plaintiff, and stating that OP 111 and any other confidential documents not be filed in the court's electronic docket, or if necessary to do so, that they be filed under seal, and that any such protective order continue for purposes of any appeal. At the pretrial conference, the court indicated that a stipulation by the parties as to this evidence would be preferable to a request for a protective order.

Plaintiff does not intend to seek a trial protective order.

## XXII.  MISCELLANEOUS

None.

/////

/////

XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for March 6, 2018, at 1:00 p.m.in Courtroom 5 before the Honorable Dale A. Drozd.  Trial is anticipated to last two to three court days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel may call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* on or before **February 27, 2018**.  Each counsel will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions on or before **February 20, 2018**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due on **February 20, 2018**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **February 20, 2018**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **February 27, 2018**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  TRIAL BRIEFS

As noted above, trial briefs are due **February 27, 2018**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the pretrial order will become final without further order of this court.

14

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   __**January 29, 2018**__                    _____
                                                    UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**Plaintiff's Witnesses**

1.     Himself;

2.     Defendant T. W. Meadors (service through Arthur B. Mark, III, California Department of Justice, Office of the Attorney General, 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244);

c.     Defendant J. L. Cobbs (service through Arthur B. Mark, III, California Department of Justice, Office of the Attorney General, 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244);

3.     Lieutenant T. Traynham (service through California Correctional Institution, 24900 Highway 202, Tehachapi, CA 93561);

4.     N. Grannis (service through CDCR Office of Appeals, 9738 Lincoln Village Drive, Ste. 150, Sacramento, CA 95827);

5.     Diana McKenzie (P.O. Box 7712, San Bernardino, CA 92411);

6.     Dr. Robert Wlodarczyk (230 San Jose St., Salinas, CA 93901); and

7.     Expert medical witnesses that plaintiff may designate on January 19, 2018, pursuant to the parties' stipulation.

# ATTACHMENT B

**Defendants' Witnesses**

1. Defendant Cobbs

2. Defendant Meadors

3. Warden J. Sullivan
   c/o CCI Litigation Coordinator M. Dailo
   California Correctional Institution
   24900 Highway 202, Tehachapi, CA 93561
   PO Box 1031
   Tehachapi, CA. 93581
   (661)822-4402 Ext: 3047

4. Lt. T. Traynham
   c/o CCI Litigation Coordinator M. Dailo
   California Correctional Institution
   24900 Highway 202, Tehachapi, CA 93561
   PO Box 1031
   Tehachapi, CA. 93581
   Phone (661) 972-0566

5. Correctional Officer D. Smith Investigative Services Unit (ISU), CCI
   c/o CCI Litigation Coordinator M. Dailo
   24900 Highway 202, Tehachapi, CA 93561
   PO Box 1031
   Tehachapi, CA. 93581
   Phone (661) 822-4402 Ext. 3189 or Ext. 3271.

6. J. Zanchi, AGPA, Inmate Appeals, CCI[3]*
   c/o CCI Litigation Coordinator M. Dailo
   California Correctional Institution
   24900 Highway 202, Tehachapi, CA 93561
   PO Box 1031
   Tehachapi, CA. 93581
   (661)822-4402 Ext: 3047
   g. C. Clements, Psychiatric Technician (retired)
   110 Sutter Street #8
   Tehachapi, CA 93561
   (661) 972-7624

---

[3] Defendants stated in their pretrial statement that "Ms. Zanchi is disabled and will find travel to Fresno very difficult. Accordingly, if defendants decide to call Ms. Zanchi, defendants would request that alternative arrangements be made for her testimony via audio visual link." (Doc. No. 114 at 7, note 1.) At the pretrial conference, plaintiff's counsel advised that while he would prefer Ms. Zanchi testify in person, he did not object to alternative arrangements if Ms. Zanchi's disability prevented her from traveling. Defendants were advised that any alternate arrangements for Ms. Zanchi to testify via audio visual link must be made by the defendants, not the court. The court encourages defendants to make advance arrangements to ensure that any video equipment they intend to employ in this regard is available and working.

7. C. Clements, Psychiatric Technician (retired)
   110 Sutter Street #8
   Tehachapi, CA 93561
   (661) 972-7624

8. Expert witnesses to be disclosed pursuant to the parties' second stipulation filed December 29, 2017 (ECF Nos. 111, 113).

9. The custodian(s) of records for plaintiff's central inmate file.

10. The custodian(s) of records for plaintiff's medical file.

11. The custodians of records who maintain the central files or medical files for any inmate witnesses that may testify at trial.

12. Derwin Jackson, Plaintiff.

**ATTACHMENT C**

**Plaintiff's Exhibits**

1. Memorandum to Regional Administrators-Institutions Division Wardens, dated Apr. 24, 2004 (cited in the Replacement Excerpts of Record ("RER"), Ninth Circuit Court of Appeals, No. 11-15932);

2. Deadline Verification for court Actions, dated Sep. 2, 2004 (RER 55, 56, 114);

3. Grievance No. CCI-09-04-2533, submitted Oct. 7, 2004, including attachments to grievance (RER 137);

4. Grievance No. CCI-09-04-2654, submitted Oct. 17, 2004 (RER 148);

5. Grievance No. CCI-09-04-2655, submitted Oct. 8, 2004 (RER 155);

f. First Level Appeal Response, Oct. 25, 2004, Appeal Log No. CCI-9-04-02533 (RER 142);

6. CCI Unit 4B Security Housing Unit, Legal Library Ducat List, dated Oct. 25, 2004 (RER 63);

7. Grievance No. CCI-09-04-2968, submitted Nov. 5, 2004, including attachments to grievance (RER 160);

8. Second Level Appeal Response, Nov. 12, 2004, Appeal Log No. CCI-9-04-02533 (RER 143);

9. First Level Appeal Response, Nov. 14, 2004, Appeal Log No. CCI-9-04-2654 (RER 150);

10. First Level Appeal Response, Nov. 14, 2004, Appeal Log No. CCI-9-04-2655 (RER 156);

11. Handwritten letter from plaintiff to the Clerk of the Supreme Court of the United States, dated Nov. 16, 2004 (RER 68);

12. Letter from B. L. Jackson to plaintiff, dated Nov. 19, 2004 (RER 108, 281);

13. Letters from the Clerk of the Supreme Court of the United States, dated Nov. 17, 2004 (RER 69, 73);

14. Classification Chrono, dated Nov. 30, 2004 (RER 131);

15. Notice of Visitor Warning/Termination/Suspension/Denial/Revocation, dated Dec. 4, 2004 (RER 84, 85);

/////

16. Handwritten letter from Diana McKenzie, dated Dec. 5, 2004 (RER 80);

17. Second Level Appeal Response, Dec. 9, 2004, Appeal Log No. CCI-9-04-02654 (RER 152);

18. Second Level Appeal Response, Dec. 9, 2004, Appeal Log No. CCI-9-04-02655 (RER 87, 158);

19. Unit Classification Committee Notes, dated Dec. 23, 2004 (RER 129);

20. Second Motion for Extension of Time to File Writ of Certiorari, dated Dec. 24, 2004 (RER 74);

21. CCI Tehachapi property form and Property and Cash Receipts – Arrival form with note dated Jan. 3, 2005 (RER 112, 282);

22. First Level Appeal Response, Jan. 3, 2005, Appeal Log No. CCI-9-04-2968 (RER 164);

23. Director's Level Appeal Decision, Feb. 10, 2005, IAB Case No. 0405688 (RER 60);

24. Second Level Appeal Response, Mar. 18, 2005, Appeal Log No. CCI-9-04-2968 (RER 166);

25. Director's Level Appeal Decision, Apr. 7, 2005, IAB Case No. 0407109 and 0407127 (RER 65, 105, 278);

26. Director's Level Appeal Decision, Jan. 30, 2006, IAB Case No. 0504750 (RER 78);

27. Letter from Government Claims Division, Victim Compensation and Government Claims Board, to plaintiff, dated July 12, 2006 (RER 111);

28. Plaintiff's medical records held by California Correctional Health Care Services (requested and pending receipt);

29. Plaintiff's central file or classification file held by CDCR (requested and pending receipt);

30. Photographs of plaintiff from 2003 to present;

31. The then-operative and current versions of the Department of Operations Manual, articles on Inmate Discipline, Visiting, Inmate Property, Inmate/Parolee Appeals, Inmate Housing Assignments, and Special Placements;

32. The then-operative version of Operational Procedure 111 and the version of the procedure effective July 2012;

33.     COMPSTAT DAI Statistical Report – 13 Month, CCI, years 2006-present.

# ATTACHMENT D

**Defendants' Exhibits**

a.  Without waiving their right to object, or to move to limit the introduction or use of certain exhibits, some or all exhibits identified by plaintiff in his Pretrial Statement;

b.  Photographs of a CCI SHU cell and Individual Exercise Module;

c.  Photographs or exemplars of types of weapons or other contraband that could be secreted in dreadlocks or hair;

d.  CDC 114As (inmate segregation record) from CCI SHU September 2004-December 2004 Documents from plaintiff's inmate central file including, but not limited to:

e.  Plaintiff's Amended Abstract of Judgment-Commitment to State Prison, San Bernardino County, Nov. 12, 1999; plaintiff's Rules Violation Report for Possession of a Controlled Substance (CDC 115) Log No. C02-07-0109, including guilt finding;

f.  Plaintiff's Rules Violation Report (CDC 115) Log No. C04-05-0038 for Possession of a Deadly Weapon, including guilt finding and associated incident report;

g.  CDC 114-D Administrative Segregation Placement Notice 5/19/04

h.  SHU Term assessment worksheet re: for RVR for possession of a weapon;

i.  CDC 128G CSR Action dated 7/7/2004;

j.  Plaintiff's Rules Violation Report (CDC 115) Log No. 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 for Possession of Inmate Manufactured Alcohol, including guilt finding and associated incident report;

k.  Inmate Religious Diet Program Request dated Sept. 28, 2017;

l.  CDC 128 B General Chrono dated October 3, 2017 (Religious Diet Program);

m.  CDCR Inmate Purchase History for plaintiff dated Sept. 27, 2017;

n.  Ironwood State Prison Property Inventory dated May 19, 2004 (part of plaintiff's Inmate Appeal No. CCI 05 2560);

o.  CDC 127 Identification Worksheets Next of Kin Notification dated updated through February 15, 2000, and March 15, 2002;

p.  128 C-3 Medical Classification Chrono dated 5/15/10;

q.  General Chrono dated 10/6/10—Retain plaintiff in Milling Machine Shop;

r.  General Chrono dated 6/2/10—Retain plaintiff as Lathe Operator;

s.  CDC 128 C dated 5/31/01—Cane chrono;

t.  CDC 128 C dated 4/17/03—Low bunk/no sports chrono;

u.  CDC 128 C dated 12/31/01—Low bunk/no sports chrono;

v.  CDC 128 C dated 6/07/01—low bunk/no sports chrono;

w.  CDC 128 C dated 11/29/04—no sports chrono;

x.  Comprehensive Accommodation Chrono dated 1/20/05;

y.  Comprehensive Accommodation Chrono dated 3/8/2006;

z.  Plaintiff's Inmate Appeal (602) No. CCI S 99-02800 dated 9/26/99;

aa.  Plaintiff's Inmate Appeal (602) No. CCI 50000015 dated 12/13/99;

bb.  Plaintiff's Inmate Appeal, Log No. CCI-9-04-2655, and First and Second Level Appeal Responses;

cc.  CDC 128 B Informational Chrono dated 6/7/10;

dd.  Medical and mental health records of plaintiff including but not limited to psychiatric technician records of rounds from November 2004-December 2004; physician's progress notes dated 12/6/02; 11/29/04; 7/28/11; 8/16/12; 1/22/16; 12/21/16; Mental Health Progress Note dated 11/15/04; 7362 Health Care Services Request Forms dated 4/17/05 and 8/27/05;

ee.  Plaintiff's Complaint;

ff.  Declaration of plaintiff in Support of plaintiff's Opposition to Defendants' Motion for Summary Judgment;

gg.  Plaintiff-Appellant's Replacement Opening Brief on Appeal No. 11-15932;

hh.  2004 California Code of Regulations Title 15, including but not limited to the following: Appeals, sections 3084-3084.7; Administrative Segregation, sections 3335-3345 Security, General Policy, section 3270; Cell, Property and Body Inspections, section 3287 Behavior, sections 3001, 3005, 3006; Facility Security Levels, section 3377; Inmate Custody Designations, section 3377.1; Criteria for Assignment to Close Custody, section 3377.2;

ii.  Relevant portions of CCI OP 111 in effect in 2004; and

jj.  Printout from Inmate Appeals Branch Inmate Appeals Tracking System Level III for plaintiff dated 6/15/09.

kk.  Defendants may offer portions of the transcript from plaintiff's deposition taken on May 17, 2010, for impeachment purposes. A copy of the transcript was lodged with the court previously.