UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>W. SULLIVAN, et al.,<br><br>Defendants. | Case No. 1:07-cv-00178-DAD-GSA (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND REQUEST FOR SANCTIONS**<br><br>(ECF No. 137) |

Defendants T.W. Meadors and J.L. Cobbs ("Defendants") have moved to enforce a settlement agreement and for sanctions against Plaintiff Derwin Jules Jackson ("Plaintiff"). (ECF No. 137). The parties reached an oral settlement with material terms during the Court-assisted settlement conference on February 8, 2018. The parties expressed an intention to execute a written settlement agreement, however Plaintiff refused to sign the proposed agreement. Defendants have moved to enforce the terms of the written settlement agreement, or, in the alternative, the terms as stated on the record consistent with applicable law. Defendants also request sanctions in the form of attorneys' fees to bring this motion.

After consideration of all filings and arguments made during a hearing on June 29, 2018, the Court orders enforcement of the settlement on the material terms as stated on the record consistent with applicable law, and denies the remainder of Defendants' motion.

///

1

## I. BACKGROUND

The parties conducted a settlement conference before the undersigned judge on February 8, 2018. At the conclusion of the conference, the parties' put the following agreement on the record:

> THE COURT: Okay. This is the case of Derwin Jules Jackson v. Meadors and Cobbs, 07-cv-178. We've been here for a settlement conference and we have made -- resulted in a settlement agreement. Let me take appearances starting with the plaintiff.
>
> MR. RUBENSTEIN: Andrew Rubenstein on behalf of the plaintiff Derwin Jules Jackson.
>
> THE COURT: Thank you, Mr. Rubenstein. And can you introduce yourself as well, Mr. Jackson?
>
> MR. JACKSON: Okay. Plaintiff Mr. Derwin Jackson.
>
> THE COURT: Thank you. And for defendants?
>
> MR. MARK: Deputy Attorney General Arthur Mark for Defendant Meadors and Cobbs.
>
> THE COURT: Thank you. Okay. So it's my understanding that there has been a settlement agreement and the payment is of -- the amount is $23,000, and that is inclusive of everything: costs, fees, whatever it is, and that would result in a full dismissal of the Case 07-cv-178. Mr. Mark, is that your understanding of the terms and do you have any other material terms to add?
>
> MR. MARK: 23,000 inclusive of costs, attorney's fees and everything, dismissal with prejudice and subject to putting it into a formal settlement agreement which has been given to plaintiff's counsel. And of course, you know, it's subject to his restitution as well.
>
> THE COURT: Okay. And although it's not maybe a -- I'm not sure if it's a -- well, maybe. How long are you requesting -- the time before -- the deadline for payment to be made and what's your expectation of when it might be made?
>
> MR. MARK: The expectation, Your Honor, is that within 180 days of receiving an executed payee data record, a signed settlement agreement and a stipulation to dismiss with prejudice; within 180 days of those events, then payment will be forthcoming.
>
> THE COURT: Thank you. Okay. Mr. Rubenstein, is that your understanding of the terms and do you have any other material terms?
>
> MR. RUBENSTEIN: I understand that the settlement is for 23,000 inclusive of costs, fees, everything. I want to take time to review these papers that I was just

2

handed by Mr. Mark and will do so, so I hope that we can set a – basically set this -- have this settlement agreed but have time to review this before actually any sort of final order in the case is submitted, or is entered.

THE COURT: So what I usually do, and what I'd like to do is that you agree to material terms. There are other what I'd consider non-material terms that you can – not agreeing to all those that were presented to you, but I do want a material terms and -- it usually never works out this way, but if there really were a dispute, material terms I might enforce.

So I consider this to be enforceable and that would be -- so it's the $23,000, it's the dismissal with prejudice, and it's that the payment is due in 180 days. Do you have any other material terms?

MR. RUBENSTEIN: Can I discuss those with my client for a moment?

THE COURT: Uh-hmm.

(Pause - counsel and plaintiff conferring.)

MR. RUBENSTEIN: So the 23,000, dismissal with prejudice and –

THE COURT: That it might take up to 180 days to get paid.

(Pause.)

THE COURT: For what it's worth, people always want it faster. Sometimes it comes in faster, but Mr. Mark is right, this would be normal. I takes -- well maybe – could you explain why it takes so long?

MR. MARK: It takes so long because the payment has to be processed through CDCR and of course the money, and that just takes time. And of course, we have absolutely no control over the state budgeting process or any other vagaries that could interfere with processing of payment. So that's why we, you know, have 180 days as the kind of standard.

THE COURT: I can represent that that is standard. Sometimes it is sooner, but I think that that's true, and he's right, with the state budget, I think sometimes it takes that time. Is that -- okay?

MR. JACKSON: Yes.

MR. RUBENSTEIN: Yes.

THE COURT: Okay. Then I'm going to -- now that you have heard all of the material terms I'm going to ask you all if you agree to settlement on those material terms.

And Mr. Mark, do you agree on behalf of yourself and defendants?

3

    MR. MARK: Yes, Your Honor.

    THE COURT: Mr. -- is it Rubenstein or stein?

    MR. RUBENSTEIN: I say 'stein', but either works.

    THE COURT: Okay. Well, that's what I'll try to say too. Mr. Rubenstein, do you agree on behalf of yourself and the plaintiff?

    MR. RUBENSTEIN: I do.

    THE COURT: And Mr. Jackson, do you agree on behalf of yourself?

    MR. JACKSON: Yes, Your Honor.

    THE COURT: Okay. What I'd like to say is that there's a filing of dispositional documents within 60 days. I will retain jurisdiction so to the extent that you do get payment, even though you've dismissed the case, if you don't get payment, I will retain jurisdiction, you don't have to file a new case, you file something with me, and then I'll do – if we need to, a motion to enforce the settlement agreement. But I would like the case cleared from the docket. Is there objection to that?

    MR. RUBENSTEIN: No.

    THE COURT: Okay. So 60 days, otherwise I'm vacating all other dates in the case. Anything else, Mr. Mark?

    MR. MARK: No, Your Honor.

    THE COURT: Okay. Anything else?

    MR. RUBENSTEIN: Just to confirm, so all other dates, the trial dates that have been set, everything is off?

    THE COURT: The trial date's now going to be vacated.

    MR. RUBENSTEIN: Great. Nothing else.

    THE COURT: Okay. Thank you very much for your attention today.

    MR. JACKSON: Thank you.

    MR. RUBENSTEIN: Thank you, Your Honor.

(ECF No. 131).

    Following the conference, the parties negotiated additional terms as part of the written settlement agreement. Plaintiff proposed an alternative payee and Defendant agreed. Plaintiff objected to certain language requiring Plaintiff's counsel to complete a payee data record.

4

The Court will not recite the entire back and forth that transpired, which was discussed extensively on the record during the June 29, 2018 hearing and is set forth in dozens of pages of exhibits submitted in support of Defendants' motion. Suffice to say that although Defendants believed there was an agreement, Plaintiff ultimately refused to sign the written agreement. During oral argument, Plaintiff appeared to object to the description of restitution in particular, which includes the statement that "CDCR is obligated by California Penal Code section 2085.8 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts." (ECF No. 137-2, at p. 7). Plaintiff claimed that the deduction of fees went outside the agreement, and that he would not agree to anything beyond what was set forth in the law.

**II. DISCUSSION**

**A. Enforcement of Settlement Agreement**

The Ninth Circuit case of *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002), provides guidance for this situation. In *Doi,* an employee filed a discrimination lawsuit against her employer. *Id.* at 1134. The parties entered into settlement negotiations, and the district court facilitated discussions that ultimately bore a settlement agreement. *Id.* The settlement agreement required the employee to release all claims against the employer and to execute a stipulation dismissing the action with prejudice. *Id.* In open court, the parties announced that they had reached a settlement and placed the terms of the settlement on the record. *Id.* The attorney for the employer recited the terms of the settlement, and the attorney for the employee assented to the terms. *Id.* The court then asked the employee, "The terms, as stated right now, do you agree to those? . . . You do agree?" *Id.* The employee responded, "Yeah." *Id.*

Within two days of reaching the agreement and placing it on the record, the employee refused to execute the release and the stipulation to dismiss, and proposed new settlement terms inconsistent with those placed on the record. *Id.* at 1135. With leave of the Court, the employer moved to enforce the settlement agreement and for sanctions in the form of attorney fees. *Id.* The district court granted the motion, awarded a sanction of $1,000, and entered judgment dismissing the case with prejudice. *Id.* at 1136. The employee appealed, arguing, among other

things, that she did not enter into any binding settlement agreement because she did not actually intend to be bound until there was a writing. *Id.* at 1136-37. The Ninth Circuit affirmed the district court's decision. *Id.* at 1141. The Court reasoned:

> In this case, however, the settlement was negotiated in off-the-record discussions with the court. The parties then went into open court and announced that there was a settlement. The settlement contained agreement as to all material terms, which terms were put on the record. And in response to direct questioning by the court, Doi stated that she agreed with the terms. Unlike in *Ciaramella*, then, there was no need for the court to engage in factual inquiries to determine whether Doi agreed to be bound by the terms of the agreement. Any question as to Doi's intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said "yeah."

*Id.* at 1137–38 (footnote omitted) (comparing the facts in *Doi* to those in *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997)).

Here, like in *Doi*, the parties entered into settlement negotiations, and the Court facilitated discussions that ultimately bore a settlement agreement. The settlement agreement contemplated that there would be a written agreement. In open court, Plaintiff and Defendants announced that they had reached a settlement and placed the terms of the settlement on the record. Counsel for Plaintiff and Defendants, as well as Plaintiff himself, stated that he agreed to those terms.

This Court thereby holds that Plaintiff and Defendant have an enforceable settlement based on the terms as stated on the record, namely:

- Defendants shall pay Plaintiff $23,000.
- The payment to Plaintiff is subject to restitution.
- Payment must be made within 180 days of the date of this order.[1]
- Plaintiff agrees to dismiss with prejudice the lawsuit, 1:07-cv-00178.

The Court declines, however, to hold that the proposed written agreement is enforceable, to the extent it proposes terms in addition or inconsistent with these terms. The Court has reviewed the evidence and considered the argument of the parties and finds that there was never

---

[1] As this order enforces the terms of the settlement agreed to orally on the record, including the dismissal of Plaintiff's claims with prejudice, there is no need for a signed settlement agreement or a stipulation to dismiss this case with prejudice. Accordingly, the Court will require the payment to be made within 180 days of the date of this order.

a clear meeting of the minds about the terms of the agreement. While the Court is sympathetic to Defendants, and recognizes that Plaintiff's counsel appears to have represented that his client would agree to such terms, Plaintiff himself never signed the agreement nor unambiguously endorsed its terms.

That said, the settlement agreement is subject to certain legal requirements set forth in the California Penal Code. Specifically, section 2085.8 of that code provides:

> (a) Compensatory or punitive damages awarded by trial or settlement to any inmate, parolee, person placed on postrelease community supervision pursuant to Section 3451, or defendant on mandatory supervision imposed pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, after payment of reasonable attorney's fees and litigation costs approved by the court, to satisfy any outstanding restitution orders or restitution fines against that person. ***The balance of the award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines, subject to subdivision (c).***
>
> (b) The department shall make all reasonable efforts to notify the victims of the crime for which that person was convicted concerning the pending payment of any compensatory or punitive damages. For any prisoner punished by imprisonment in a county jail pursuant to subdivision (h) of Section 1170, the agency may make all reasonable efforts to notify the victims of the crime for which that person was convicted concerning the pending payment of any compensatory or punitive damages.
>
> (c)(1) ***The secretary shall deduct and retain from any prisoner*** or parolee ***settlement*** or trial ***award an administrative fee that totals 5 percent of any amount paid from the settlement*** or award to satisfy an outstanding restitution order or fine, unless prohibited by federal law.
>
> (2) The agency may deduct and retain from any settlement or trial award of a person previously imprisoned in county jail an administrative fee that totals 5 percent of any amount paid from the settlement or award to satisfy an outstanding restitution order or fine, unless prohibited by federal law.
>
> ***(3) The secretary or the agency shall deposit the administrative fee moneys in a special deposit account for reimbursing administrative and support costs of the department's or agency's restitution program, as applicable.*** The secretary, at his or her discretion, or the agency may either retain any excess funds in the special deposit account for future reimbursement of the department's or agency's administrative and support costs for the restitution program or may transfer all or part of the excess funds for deposit in the Restitution Fund.

Cal. Penal Code, § 2085.8 (emphasis added). Those provisions, specifically their allowance for deduction of an administrative fee, apply to this settlement.

### B. Attorney Fees Sanctions

"A court has the inherent power to sanction a party or its lawyers if it acts in willful disobedience of a court order … or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful[ ] abuse [of the] judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (alteration in original) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (citations and internal quotation marks omitted)). "Sanctions [] are justified 'when a party acts for *an improper purpose*—even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Id.* at 1134 (citing *Fink v. Gomez,* 239 F.3d 989 (9th Cir.2001)). The determination whether to sanction a party is in the district court's discretion. *Doi*, 276 F.3d at 1140.

Defendants request $4,355 in sanctions for Plaintiff's failure to execute the written agreement without cause.

While sanctions are within the Court's discretion, it declines to impose them in this case. The Court does not find that Plaintiff acted in bad faith in refusing the sign the agreement. First, the Court appreciates the difficulty in negotiating written agreements from confinement, and believes that some of the issues in the negotiation stemmed from the difficulties in communication among defense counsel, Plaintiff's counsel, and Plaintiff himself. This led Plaintiff's counsel to represent in good faith that Plaintiff would accept certain terms when Plaintiff did not agree. More fundamentally, Plaintiff's objection to the provisions regarding administrative fees do not appear in bad faith. It was not discussed at the settlement conference that administrative fees would be deducted in addition to restitution. Plaintiff explained at the hearing that he did not want to agree to anything beyond that required by law and did not understand why Defendants required his agreement if it was so clear. Plaintiff himself is not a lawyer and does not have an independent way to verify Defendants' legal arguments. To the extent that Plaintiff wishes to agree to conform to the law but not more, that is reasonable.

The Court again appreciates the amount of time defense counsel spent negotiating the

written agreement and does not believe that defense counsel proposed any terms in bad faith either. His recitation of the law comports with the Court's understanding of the law as discussed above. Nevertheless, in light of all circumstances, the Court does not find that an award of sanctions is appropriate in this case.

**III.     ORDER**

Pursuant to the parties' consent to the undersigned for enforcement of the settlement agreement as set forth on the record and cited above, the Court orders as follows:

1. Defendants' motion to enforce the parties' settlement agreement and request for sanctions is granted in part and denied in part.
2. The terms set forth above in this order, which comport with the terms agreed to orally on the record, are deemed enforceable and binding as of the date of this order, without any further written agreement.
3. This Court retains jurisdiction to enforce the settlement agreement.
4. Defendants' request for sanctions is denied.
5. All of Plaintiff's claims in this case are dismissed with prejudice.
6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 13, 2018**         /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE