# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>W. SULLIVAN, et al.,<br><br>Defendants. | Case No. 1:07-cv-00178-DAD-GSA (PC)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO ALTER, AMEND, OR CLARIFY ORDER ENFORCING SETTLEMENT**<br><br>(ECF No. 146) |

Defendants T.W. Meadors and J.L. Cobbs ("Defendants") have asked the Court to alter, amend, or clarify its order granting in part and denying in part Defendants' Motion to Enforce the Parties' Settlement Agreement. (ECF No. 146). Defendants argue that the Court inadvertently failed to include another term that was agreed to on the record, i.e. that the Plaintiff execute a payee data record. (Id.).

Defendants bring this motion under Federal Rules of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"), 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."), 60(b)(1) (allowing relief from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect"); and 60(b)(6) (covering "any other reason that justifies relief").

As set forth in the Court's prior order, the parties conducted a settlement conference

1

before the undersigned judge on February 8, 2018. At the conclusion of the conference, the parties' put the agreement on the record. The following contains the relevant discussion on the record regarding the payee data record:

> THE COURT: Thank you. Okay. So it's my understanding that there has been a settlement agreement and the payment is of -- the amount is $23,000, and that is inclusive of everything: costs, fees, whatever it is, and that would result in a full dismissal of the Case 07-cv-178. Mr. Mark, is that your understanding of the terms and do you have any other material terms to add?
>
> MR. MARK: 23,000 inclusive of costs, attorney's fees and everything, dismissal with prejudice and subject to putting it into a formal settlement agreement which has been given to plaintiff's counsel. And of course, you know, it's subject to his restitution as well.
>
> THE COURT: Okay. And although it's not maybe a -- I'm not sure if it's a -- well, maybe. How long are you requesting -- the time before -- the deadline for payment to be made and what's your expectation of when it might be made?
>
> MR. MARK: *The expectation, Your Honor, is that within 180 days of receiving an executed payee data record, a signed settlement agreement and a stipulation to dismiss with prejudice; within 180 days of those events, then payment will be forthcoming.*
>
> THE COURT: Thank you. Okay. Mr. Rubenstein, is that your understanding of the terms and do you have any other material terms?
>
> MR. RUBENSTEIN: *I understand that the settlement is for 23,000 inclusive of costs, fees, everything. I want to take time to review these papers that I was just handed by Mr. Mark and will do so,* so I hope that we can set a – basically set this -- have this settlement agreed but have time to review this before actually any sort of final order in the case is submitted, or is entered.
>
> THE COURT: So what I usually do, and what I'd like to do is that you agree to material terms. There are other what I'd consider non-material terms that you can – not agreeing to all those that were presented to you, but I do want a material terms and -- it usually never works out this way, but if there really were a dispute, material terms I might enforce.
>
> *So I consider this to be enforceable and that would be -- so it's the $23,000, it's the dismissal with prejudice, and it's that the payment is due in 180 days. Do you have any other material terms?*
>
> MR. RUBENSTEIN: Can I discuss those with my client for a moment?
>
> THE COURT: Uh-hmm.

| | |
|---|---|
| 1 | (Pause - counsel and plaintiff conferring.) |
| 2 | MR. RUBENSTEIN: So the 23,000, dismissal with prejudice and – |
| 3 | THE COURT: That it might take up to 180 days to get paid. |
| 4 | (Pause.) |
| 5 | THE COURT: For what it's worth, people always want it faster. Sometimes it comes in faster, but Mr. Mark is right, this would be normal. I takes -- well maybe – could you explain why it takes so long? |
| 6 | |
| 7 | MR. MARK: It takes so long because the payment has to be processed through CDCR and of course the money, and that just takes time. And of course, we have absolutely no control over the state budgeting process or any other vagaries that could interfere with processing of payment. So that's why we, you know, have 180 days as the kind of standard. |
| 8 | |
| 9 | |
| 10 | |
| 11 | THE COURT: I can represent that that is standard. Sometimes it is sooner, but I think that that's true, and he's right, with the state budget, I think sometimes it takes that time. Is that -- okay? |
| 12 | |
| 13 | MR. JACKSON: Yes. |
| 14 | MR. RUBENSTEIN: Yes. |
| 15 | |
| 16 | ***THE COURT: Okay. Then I'm going to -- now that you have heard all of the material terms I'm going to ask you all if you agree to settlement on those material terms.*** |
| 17 | |
| 18 | ***And Mr. Mark, do you agree on behalf of yourself and defendants?*** |
| 19 | ***MR. MARK: Yes, Your Honor.*** |
| 20 | THE COURT: Mr. -- is it Rubenstein or stein? |
| 21 | MR. RUBENSTEIN: I say 'stein', but either works. |
| 22 | |
| 23 | ***THE COURT: Okay. Well, that's what I'll try to say too. Mr. Rubenstein, do you agree on behalf of yourself and the plaintiff?*** |
| 24 | ***MR. RUBENSTEIN: I do.*** |
| 25 | |
| 26 | ***THE COURT: And Mr. Jackson, do you agree on behalf of yourself?*** |
| 27 | ***MR. JACKSON: Yes, Your Honor.*** |
| 28 | (ECF No. 131, 1:17-5:2) (emphasis added). |

Based on this record, the payee data record was mentioned by Defense counsel when defense counsel stated: "The expectation, Your Honor, is that within 180 days of receiving an executed payee data record, a signed settlement agreement and a stipulation to dismiss with prejudice; within 180 days of those events, then payment will be forthcoming." However, it was not included in the discussion of material terms, where the Court stated "So I consider this to be enforceable and that would be -- so it's the $23,000, it's the dismissal with prejudice, and it's that the payment is due in 180 days." Rather, it was listed among the documents defense counsel expected before making payment, including those that the Court has declined to require. Moreover, the payee data record was in the group of documents that Plaintiff's counsel said he needed to review before signing. The Court therefore finds there was no explicit acceptance of the term of execution of the payee data record.

The Court next considers whether it should imply the term because it is legally required. Defense counsel argues that "the payee data record is required by the State Controller to process the payment to Plaintiff. (*See* Mark Decl., Ex.C (copy of payee data record noting it is 'required when receiving payment from the State of California.')." (ECF No. 146-1, p. 3). The document itself does state that the form is "Required when receiving payment from the State of California in lieu of IRS W-9." (ECF No. 146-2, p. 11). Yet it cites no law for this proposition. Nor is any law cited in the motion for reconsideration. The fact that the State of California insists upon this form is not sufficient for the Court to impose that term as a matter of law.

The Court thus declines to grant Defendants' motion to alter, amend, or clarify its prior order. The Court cannot therefore compel Plaintiff to complete the form or allow defense to withhold its payment based on a failure to complete the form.

That said, it is sympathetic to defense counsel. The form appears to be purely ministerial and the Court believes that the State ordinarily requires it to process payments. It is regularly used in these circumstances to facilitate payment to the correct account and track the payment. It does not impose additional rights or obligations. The Court believes that a failure to obtain the form will result in difficultly for the State and unnecessary delay. Thus, while the Court does not order Plaintiff to fill out the form, it encourages Plaintiff to do so.

For the foregoing reasons, Defendants' motion to alter, amend, or clarify the order enforcing settlement is DENIED.

IT IS SO ORDERED.

Dated: __**October 19, 2018**__          /s/ *Eric P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE