UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>T.W. MEADORS and J.L. COBBS,<br><br>    Defendants. | Case No. 1:07-cv-00178-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF NO. 151) |

Derwin Jules Jackson ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties reached an oral settlement during the Court-assisted settlement conference on February 8, 2018. (ECF No. 128). The parties expressed an intention to execute a written settlement agreement, however Plaintiff refused to sign the proposed agreement. Defendants moved to enforce the terms of the written settlement agreement, or, in the alternative, the terms as stated on the record consistent with applicable law. (ECF No. 137). On September 14, 2018, the Court ordered that "the terms agreed to orally on the record[] are deemed enforceable and binding as of the date of this order, without any further written agreement." (ECF No. 145, p. 9). On October 12, 2018, Defendants filed a motion for reconsideration (ECF No. 146), which was denied (ECF No. 149).

Under the terms of the agreement, payment was to be made within 180 days. (ECF No. 145, pgs. 3-4). On May 23, 2019, Plaintiff filed what the Court construed as a motion for

1

sanctions. (ECF No. 151). Plaintiff alleged that the payment was due on March 13, 2019, but he never received the payment. Plaintiff requested $4,355 in sanctions.

The Court held a hearing on Plaintiff's motion. (ECF No. 160). The Court found that Defendants are now in compliance with the settlement agreement, but took under submission the issue of sanctions for the prior non-compliance. (ECF No. 161). The Court also gave Defendants the opportunity to file a supplemental submission regarding their efforts to comply with the Court's order enforcing the settlement agreement. (Id.). Defendants filed their supplemental response on August 19, 2019. (ECF No. 162). On August 30, 2019, Plaintiff filed a supplemental brief. (ECF No. 163). On September 3, 2019, Plaintiff filed a reply to Defendants' supplemental brief. (ECF No. 164).

Plaintiff's motion for sanctions is now before the Court. For the reasons that follow, Plaintiff's motion will be denied.

"[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for [t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (alterations in original) (citations and internal quotation marks omitted). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that [the] conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir. 2003). Additionally, "inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

It is undisputed that Defendants made the settlement payment after the 180-day deadline. However, there is no indication that Defendants' conduct or defense counsel's conduct constituted or was tantamount to bad faith. Defendants provided evidence, in the form of defense counsel's declaration, that they attempted to comply with the Court's order

enforcing the settlement agreement, and that defense counsel expected their efforts would result in a payment in compliance with the Court's order.

Specifically, "Defendants' counsel contacted CDCR via email on December 4, 2018, and received a response on December 5, 2018, that led them to understand that the settlement was being processed by CDCR. On December 6, 2018, Defendants' counsel sent CDCR's Settlement Coordinator another copy of the court's order enforcing the settlement." (ECF No. 162, p. 2) (citation omitted). "On February 1, 2019, Defendants' counsel sent an email to CDCR to follow up on the payment of the settlement. CDCR's Settlement Coordinator responded on February 5, 2019. Based on that response, Defendants' counsel continued to believe the settlement payment was being processed and was going to be paid." (Id. at 2-3) (citations omitted). "Defendants' counsel, therefore, was surprised to receive Plaintiff's letter concerning payment of the settlement and immediately followed up with CDCR." (Id. at 3).

While perhaps defense counsel should have followed up again to make sure the payment was made, Plaintiff submitted no evidence, and there is no indication, that Defendants or defense counsel acted in bad faith.

Plaintiff does complain that defense counsel did not provide a copy of the emails, or any evidence that the emails were sent, to the Court. However, defense counsel did provide evidence that the emails were sent, in the form of his declaration stating that he sent the emails.[1]

Accordingly, IT IS ORDERED that Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **September 27, 2019**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Defense counsel alleged on the record, and in his declaration, that the contents of the emails are subject to the attorney-client privilege.